IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LEYDA L. GOMEZ LEBRON

**PETITIONER,**

v.

US. CITIZENSHIP AND IMMIGRATION SERVICES; **NATALIA FIGUEROA** in her official capacity as Field Office Director, San Juan Field Office; **KIKA SCOTT**, in her official capacity as Acting Director, District 9 Miami District Office; **Joseph Edlow**, in his official capacity as Director, U.S. Citizenship and Immigration Services; and **Markwayne Mullin** in his official capacity as the Secretary of the U.S. Department of Homeland Security,

**RESPONDENTS,**

Case No.: 26-1416

Agency No.: A235-933-179

**WRIT OF MANDAMUS AND DECLARATORY JUDGMENT**

TO THE HONORABLE COURT:

COMES NOW, Petitioner LEYDA L. GOMEZ LEBRON, in the instant case, and through her undersigned attorney respectfully States and Prays:

## I. INTRODUCTION

1. Mrs. Leyda L. Gómez Lebrón is a United States Citizen. She is married to Luis O. Perez-Nuñez (A235-933-179), who is a citizen of Dominican Republic.

2.     On May 23, 2025, Mrs. Leyda L. Gómez Lebrón filed a Petition for Alien Relative on behalf of her husband, in order to have her husband apply for permanent resident status in the United States.

3.     The respondents have unlawfully and unreasonably delayed the adjudication of the immigration petition (I-130) to the prejudice of the Petitioner. The Petitioner seeks relief in the form of an order from the Court to have the petition promptly adjudicated.

## II. JURISDICTION

4.     This action is brought against the respondents, and those acting under them, for refusing to comply with their federally mandated duties under the Immigration and Nationality Act of 1952 (INA), Pub. L. No. 82-414, 66 Stat. 163 (codified as amended at 8 U.S.C. §§ 1101 et seq.); title 8 of the Code of Federal Regulations; the Administrative Procedure Act (APA), 5 U.S.C. §§ 551, §555(b), §701, et seq.; and for violations of the due process of the Fifth Amendment.

5.     This Court has jurisdiction under 28 U.S.C. §§1331 (federal question). This Court may grant relief pursuant to 5 U.S.C. §§ 702, 706 (judicial review of agency action); 28 U.S.C. § 1361 (the Mandamus Act); 28 U.S.C. § 1651 (the All-Writs Act); and 28 U.S.C. §§ 2201-02 (the Declaratory Judgment Act).

## III. VENUE

6.      Venue is proper in the District of Puerto Rico under 28 U.S.C. § 1391(e)(1) because "a substantial part of the events or omissions giving rise to the claim occurred," in this district.

## PARTIES

7      Petitioner Mrs. Leyda L. Gómez Lebrón is a United States Citizen who lives in Carolina, Puerto Rico. She is the petitioner in the immigration petition that is the subject of this complaint.

8.      Respondents **U.S. Citizenship and Immigration Services (USCIS)** is an agency of the U.S. Department of Homeland Security and is responsible for the adjudication of affirmative applications for immigration benefits, including the I-130 immigration petitions that are the subject of this complaint. USCIS is responsible for the legal wrongs committed against the Petitioner.

9.      **Field Office Director Natalia Figueroa** is sued in her official capacity as the Field Office Director for the USCIS San Juan Field Office. In this capacity, she has supervisory authority over all operations of the USCIS San Juan Field Office which is responsible for the legal wrongs committed against the Petitioner.

10.     **District Director Kika Scott** is sued in her official capacity as the District Director for USCIS District 9 Miami District Office which has jurisdiction over the San Juan USCIS Field Office. In this capacity, she has supervisory authority over all operations of the USCIS San Juan Field Office which is responsible for the legal wrongs committed against the Petitioner.

11.    **Director Joseph Edlow** is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services (USCIS). He has supervisory authority over the preceding respondents and is also responsible for the legal wrongs committed against the Petitioner.

12.    **Secretary Markwayne Mullin** is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS) which is responsible for the enforcement of the immigration laws. Because the preceding respondents are agents of the DHS, Secretary Mullin is also responsible for the legal wrongs committed against the petitioner.

<div align="center">

**EXHAUSTION OF REMEDIES**

</div>

13.    The Petitioner has exhausted her administrative remedies. There is no administrative remedy, or statutory or regulatory remedy for review under the INA, or the Code of Federal Regulations, to address her circumstances.

<div align="center">

**FACTUAL ALLEGATIONS**

</div>

14.    Petitioner is a United States Citizen and resident of Carolina, Puerto Rico, (USA). **(Attachment 1)**

15.    Petitioner Mrs. Leyda L. Gómez Lebrón is married to Mr. Luis Perez Nuñez (A235-933-179) **(Attachment 2),** who is a citizen of the Dominican Republic.

16.    Petitioner's relationship with her husband is bona fide.

17.    On May 23, 2025, Mrs. Leyda L. Gómez Lebrón filed with the respondents a Form I-130, Petition for Alien Relative, on behalf of her husband. This petition was assigned to receipt number IOE0932281452 by USCIS. **(Attachment 3)**

18.    The petition packet filed by Mrs. Leyda L. Gómez Lebrón contained the filing fee and sufficient supporting evidence for approval.

19.    Mrs. Leyda L. Gómez Lebrón and her husband have not been interviewed by USCIS San Juan Field Office, to investigate the bona fide nature of their relationship.

20.    Respondents have not requested any further documentary evidence from Mrs. Leyda L. Gómez Lebrón, regarding the bona fides of the relationship.

21.    Mrs. Leyda L. Gómez Lebrón is a United States Citizen, who is petitioning for her husband, as such, her petition for Alien Relative (Form I-130) does not have to wait for a visa number to become available, since her husband is an immediate relative. **See 8 U.S.C. § 1151(b)(2)(A)(i)** stating that a spouse of a U.S. citizen <u>is eligible for an immediate visa</u> under section 201(b)(2)(A)(i) of the Act.

22.    On January 4, 2022, Mr. Perez-Nuñez applied for admission into the United States and was **admitted** as a nonimmigrant with a B2 authorization into the United States by the Department of Homeland Security until July 3, 2022.

23.    Mrs. Gómez Lebrón's I-130 is still pending before USCIS.

24.    Mrs. Leyda L. Gómez Lebrón alleges that USCIS is unreasonably delaying the adjudication of the petition filed by her.

25.    On March 4, 2026, DHS, through ICE, issued a Notice to Appear and placed Mr. Perez-Nuñez in removal proceedings, while DHS, *through USCIS,* *simultaneously withheld adjudication of the pending I-130.*

26.    On May 27, 2026, the Immigration Court ordered Mr. Perez-Nuñez to file written pleadings and identify forms of relief in 30 days. **(Attachment 4)** Because

USCIS had not adjudicated the I-130, Mr. Perez-Nuñez cannot file for **Adjustment of Status** as a form of relief before the Immigration Court.

27.    If USCIS does not adjudicate the pending I-130, the Immigration Judge cannot consider or grant an adjustment of status as an immigration remedy available in court and Mr. Perez-Nuñez will only be able to identify and move forward with Cancellation of Removal, (which requires a higher and heavier evidentiary standard) and Voluntary Departure under 8 U.S.C. § 1229c(a), as the only remedies available before the Immigration court. The pending I-130 is the predicate for the relief that would allow Mr. Perez-Nuñez to remain with his U.S.-citizen wife, Adjustment of Status. Unless Respondents adjudicate the I-130 before the Immigration Court's deadlines, the delay will not merely postpone relief; it will permanently extinguish it, and will do so notwithstanding that Petitioner is a United States citizen and her husband is statutorily an immediate relative entitled to an immediately available visa under 8 U.S.C. § 1151(b)(2)(A)(i).

28.    Petitioner Gómez-Lebrón has been prejudiced because of the ongoing uncertainty and worry she is suffering with regard to whether her husband will be allowed to remain united with her in the United States.

29.    Petitioner's husband cannot file for Adjustment of Status before the Immigration Court if his I-130 is not adjudicated. Mr. Perez-Nuñez entered LEGALLY and was ADMITTED into the United States. Even though Perez-Nuñez overstayed his admission period, *__he can file__* an Adjustment of Status before the

Immigration Court, since he is married to a United States Citizen and is in removal proceedings. See Matter of Cavazos, 17 I&N Dec. 215 (BIA 1980).

30.    If the Respondents adjudicate the I-130, Mr. Perez-Nuñez can adjust his status to Lawful Permanent Resident before the immigration court.

<div align="center">CLAIMS FOR RELIEF</div>

<div align="center">FIRST CAUSE OF ACTION:<br>PETITION FILED ON BEHALF OF PEREZ-NUÑEZ</div>

31.    The allegations in paragraphs 1-30 are realleged and incorporated herein.

32.    The actions of the respondents have caused unlawful, unreasonable delay in the adjudication of the petition, and constitute an unlawful, unreasonable failure to adjudicate the petition, in violation of the APA, the INA, the Code of Federal Regulations, and denies the Petitioner due process guaranteed by the Fifth Amendment to the Constitution of the United States of America. See, e.g., 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

33.    The delay here is unreasonable under the factors set out in Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). First, agency delay must be governed by a "rule of reason," and Congress supplied a timeliness standard in 5 U.S.C. § 555(b), which directs agencies to conclude matters "within a reasonable time." Second, and dispositive here, the human welfare interests at stake are acute: Petitioner's husband is in active removal proceedings, and the Immigration Court's May 27, 2026 order directs him to identify

all forms of relief within thirty days. Mr. Perez-Nuñez' avenue to remain with his United States citizen spouse is adjustment of status under 8 U.S.C. § 1255(a), and that relief is unavailable before the Immigration Court unless and until USCIS adjudicates the pending I-130. Respondents' continued inaction therefore threatens to foreclose his sole form of relief before the Immigration Court can reach it. Third, the I-130 is not a complex adjudication it is a discrete, largely ministerial determination of a qualifying marital relationship, supported by a fee-paid, evidence-complete petition that Respondents have neither denied, returned, nor supplemented with any request for evidence. Fourth, expediting this adjudication will not prejudice agency activities of a higher or competing priority, because the relief sought is adjudication of a single, ripe petition for an immediate relative. Fifth, the prejudice to Petitioner is severe and irreparable: because the I-130 is the statutory predicate for the adjustment of status he seeks, Respondents' delay, measured against active removal proceedings, risks an order of removal being entered before USCIS adjudicates the petition, extinguishing the adjustment relief that timely agency action would preserve and forcing the prolonged or permanent separation of a United States citizen from her spouse. Moreover, if Mr. Perez-Nuñez is ordered removed before the I-130 is adjudicated, he would be relegated to consular processing abroad and subjected to the three- and ten-year unlawful-presence bars of 8 U.S.C. § 1182(a)(9)(B)(i), compounding the harm that timely adjudication and adjustment in the United States would avoid. Where, as here, agency delay operates against the

backdrop of pending removal proceedings to threaten the permanent loss of a statutory benefit, the delay is *unreasonable*.

34.    Alternatively, the petitioner is entitled to mandamus relief to compel an adjudication of the petition filed on behalf Perez-Nuñez because: (1) the Respondents have a nondiscretionary, ministerial, clear duty to adjudicate the I-130; (2) the Petitioner has a clear right to an adjudication of the petition (I-130) within a reasonable time; and (3) there is no other adequate remedy available to the Petitioner.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner prays that this Honorable Court grants the following relief:

(a)    Assume jurisdiction over this matter;

(b)    Declare that the Respondents have unreasonably delayed, and have unreasonably failed to complete, the adjudication of Gomez-Lebron's I-130 immigration petition.

(c)    Order the Respondents to adjudicate the I-130 immigration petition that Gomez-Lebrón filed on behalf of her husband within a reasonable period of time determined by this Court.

(d)    Retain jurisdiction over this case to ensure compliance with all of this Court's orders;

(e)    Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

(f)     Grant any other and further relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, June 26, 2026

<div style="margin-left:40%">

S/RAYMOND L. SANCHEZ-MACEIRA
USDC: 211405
PO BOX 191972
SAN JUAN, PR 00919
Tel. 721-3370/ FAX 721-4706
sanchezlaw264@gmail.com

</div>

VERIFICATION PURSUANT TO 28 U.S.C. §1746

I represent Petitioner and submit this verification on her behalf. I hereby verify that the factual statements made in the foregoing document are true and correct to the best of my knowledge.

Dated June 26, 2026.

<div style="margin-left:30%">

s/ RAYMOND L. SÁNCHEZ MACEIRA
USDC: 211405

</div>